IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

BURRELL DIVERSIFIED
INVESTMENTS, LLC *et al.*,

      Plaintiffs,

vs.                                               Civ. No. 18-62 JB/KK

TETRA TECH, INC.,

      Defendant.

## **PROTECTIVE ORDER**

THIS MATTER came before the Court on Tetra Tech, Inc.'s Second Motion to Compel Discovery (Doc. 78), filed November 14, 2019, pursuant to which each side submitted a proposed protective order. (Docs. 78-5, 82-2.) The Court has resolved the differences between the two sides' proposed orders as set forth herein. The Court finds that discovery in this action is likely to involve the exchange of confidential information, including confidential medical records, financial records, tax returns and other information that the parties contend are trade secrets or are otherwise confidential materials that are valuable by virtue of not being available to the general public. Accordingly, the Court finds that good cause exists for entry of a protective order. *See* Fed. R. Civ. P. 26(c)(1)(G) (permitting protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way . . .").

Pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c) and in order to protect the confidentiality of confidential information obtained by the parties in connection with the above-captioned action, the Court hereby ORDERS that the following terms and conditions shall govern the handling of any and all documents and things (including all copies, excerpts, and summaries thereof), computer-generated data, information in computers and on computer disks

1

and tapes, deposition testimony, interrogatory responses, exhibits, and any information otherwise produced, obtained, or disclosed by the parties in discovery, pretrial proceedings, trial, and post-trial proceedings in this litigation, including all information contained therein (hereinafter, the "Produced Material"):

1. Pursuant to this Order, any person or entity, whether or not a party to this action, may designate as "CONFIDENTIAL" any Produced Material. All such Produced Material, all copies, excerpts and summaries thereof, and all information contained therein shall hereinafter be referred to as "Confidential Material." All designations of "CONFIDENTIAL" shall be made in good faith. Produced Material may only be designated "CONFIDENTIAL" if the Produced Material contains confidential medical records, financial records, tax returns, and other information that the parties contend are trade secrets or are otherwise confidential materials that are valuable by virtue of not being available to the general public. Produced Material may not be designated "CONFIDENTIAL" if the Produced Material is available to the public or has not previously been kept in a confidential manner.

2. The receipt of Produced Material designated as Confidential Material is not a concession, admission, or representation by the receiving party that such material, or any information contained therein, is in fact a trade secret or confidential information under applicable law. Furthermore, the designation of Produced Material as Confidential Material may not be used against any party in any proceeding and is made solely for the purposes of maintaining the confidentiality of such material, to the extent necessary for purposes of this litigation. A party shall not be deemed to have waived any privilege provided by law (including but not limited to a trade-secret privilege) by marking information as Confidential Material under this Order.

3. Any designation of Confidential Material pursuant to this Order shall be accomplished by employing the legend "CONFIDENTIAL" as follows:

(a) in the case of documents, the legend shall be placed on or attached to each page of the document prior to its production in a manner not to interfere with the legibility of any information thereon;

(b) in the case of things, the legend shall be placed on or attached to the things;

(c) in the case of information incorporated in answers to interrogatories, the legend shall be placed on the designated pages of the interrogatory answers;

(d) in the case of depositions, designations of the portions of the deposition transcript (including exhibits) shall be made as follows:

(i) by a statement to such effect on the record during the deposition; and

(ii) for depositions, by the designating party in writing within twenty (20) calendar days of the receipt of the deposition transcript by notifying all parties to the matter in writing (including specific page and line numbers to be designated).

(e) As to any portions of deposition transcript designated as prescribed in subsection (d)(ii) of this paragraph, the designating party shall list on a separate piece of paper the specific page and line number of the transcript containing Confidential Material and whether such portions are designated as "CONFIDENTIAL" and shall furnish a copy of the list to the non-designating party.

(f) The parties shall direct the reporter attending each deposition to place the following legend in bold type on the covers of all deposition transcripts: NOTICE: This

deposition is subject to a Protective Order and may contain CONFIDENTIAL testimony and/or exhibits.

    (g)     Confidential Material may be discussed and disclosed in any deposition.

    (h)     Whenever Confidential Material is to be discussed or disclosed in a deposition, the designating party for such Confidential Material shall have the right to require the exclusion from the room of any person who is not entitled to access to such Confidential Material. Any party's introduction or other use of Confidential Material in a deposition shall not be deemed to waive the continued designation and treatment of such Confidential Material as "CONFIDENTIAL."

4.     All properly designated portions of deposition transcripts (including exhibits) shall be treated as "CONFIDENTIAL", and access to any portion thereof shall be limited to those persons set forth in paragraph 5 below until the expiration of the period for "CONFIDENTIAL" designations to be made as prescribed in paragraph 14(a) or (b). All documents or materials marked under this Order shall be carefully maintained in secure facilities and access to such information, document, thing, or material shall be permitted only to persons properly having access thereto under the terms of this Order. The file rooms and servers of counsel used in the ordinary course of business are considered to be "secure facilities" under this provision.

5.     Confidential Material designated as "CONFIDENTIAL" may be disclosed, summarized, described, revealed or otherwise made available, in whole or in part, only in accordance with the terms of this Order and only to the following persons:

    (a)     representatives of the parties directly involved in the prosecution or defense of this action, including inside counsel, directors, officers and employees of the parties;

(b) outside litigation counsel for the parties, and regular and temporary employees of such counsel to the extent necessary to assist counsel for the parties;

(c) any consultant or expert (including both testifying experts and consulting experts) retained or consulted by any party for the purpose of testifying or rendering assistance or providing opinions related to this action, including, but not limited to, independent experts and consultants, to the extent necessary to assist counsel for the parties;

(d) any former agent, consultant or employee of a party or any other person or entity who is participating in the litigation as a deponent, witness or potential witness, where:

(i) during the course of examination of that person (whether informally, at deposition, or at trial), counsel reasonably and in good faith believes that examination with respect to the Confidential Material is necessary for legitimate discovery or trial purposes; or

(ii) it appears on the face of the Confidential Material or from other documents or testimony that the witness had lawfully generated or received the Confidential Material prior to and apart from this litigation;

(e) the Court and its employees;

(f) any mediator engaged in this matter;

(g) court reporters and videographers; and

(h) vendors involved in copying, organizing, converting, storing, or retrieving Confidential Material.

6. The parties acknowledge that this Order does not entitle them to seal confidential information filed with the Court. In the event a party seeks to file any document containing Confidential Material subject to protection under this Order with the Court, that party must take appropriate action to insure that the document receives proper protection from public disclosure, including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for *in camera* review; or, (c) when the preceding measures are inadequate, seeking leave to file the document or portions thereof under seal by filing a written motion for leave to file under seal. The submitting party may file a document designated as Confidential Material under this Order as a separate sealed exhibit before a sealing order is obtained. However, contemporaneously with that filing, the party must file a motion for leave to file the document under seal, identifying the party that has designated the material as Confidential Material ("the designating party"). If the party filing the Confidential Material is the designating party, the motion for leave to file under seal should include a declaration identifying the confidential information contained in the document and explaining why the document is sealable. If the party filing the document is not the designating party, the designating party must file a declaration identifying the confidential information contained in the Confidential Material and stating whether the designated material is sealable, and if so why, within fourteen (14) days of the filing of the motion to file under seal. If the designating party does not file a responsive declaration within the fourteen-day time period, the submitting party may file the document in the public record no earlier than four days, and no later than ten days, after the motion is denied.

7. This Order has no effect upon and shall not apply to (i) any producing party's use of its own Confidential Material for any purpose or (ii) any person's use of documents or other

information properly obtained or developed independently of discovery in this action. If a party uses its own Confidential Material in a way that the non-designating party believes to constitute a waiver of the material's confidentiality in this lawsuit, then, upon the non-designating party's request, the parties shall meet and confer in good faith in an attempt to resolve any disagreement regarding the alleged waiver. If the parties are unable to reach an agreement, the non-designating party may apply to the Court for removal of the material's protection. Unless and until the Court enters an order changing the document's designation, the document shall remain and be treated as Confidential Material as provided in this Order.

8. Every person to whom Confidential Material or information contained therein is to be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part in accordance with the terms of this Order shall first be advised that the material or information is being disclosed pursuant and subject to the terms of this Order and must be kept confidential, and

(a) with respect to those persons encompassed by paragraphs 5(a) through (d) above, obtain that person's oral consent that he or she understands and will comply with the terms of this Order; and

(b) with respect to those persons encompassed by paragraphs 5(c) and 5(d), require that such person agrees to abide by the terms of this Order by signing a certification that he or she understands and will comply with the terms of this Order (counsel for the party procuring any certification shall keep copies of such certifications).

9. If the non-designating party objects to the designation of a document or information as Confidential Material, the non-designating party shall serve a written objection on the designating party within ten (10) calendar days of the designation. The parties shall then meet and

confer in good faith in an attempt to resolve their disagreement regarding the designation. If the parties are unable to reach an agreement, the designating party may apply to the Court for protection within twenty-one (21) days of conferring. The burden rests upon the designating party to demonstrate that the designation is proper. Unless and until the Court enters an order changing the document's designation, however, the document shall be treated as Confidential Material as provided in this Order. None of the parties to this action is obliged to challenge the designation of any Confidential Material at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent timely challenge and shall not constitute a concession, admission, or representation that such material, or any information contained therein, is in fact a trade secret or confidential information under applicable law.

10. Inadvertent failure to designate any material that a producing party claims should be Confidential Material will not be deemed as a waiver of the right to make that designation. The party to whom such inadvertent disclosure is made shall, upon written request by the producing party, thereafter treat such material as Confidential Material in accordance with this Order. Upon receipt of such written notice, the party who received the previously undesignated Confidential Material shall make reasonable efforts to prevent further use or disclosure of the information contained in the previously undesignated Confidential Material by persons other than those authorized in accordance with paragraph 5 hereof for access to such information.

11. In the event of inadvertent disclosure of any Confidential Material to a person not authorized for access to such material in accordance with paragraph 5 of this Order, the party responsible for having made, and any party with knowledge of, such disclosure shall immediately inform counsel for the party whose Confidential Material has thus been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The responsible

party also shall promptly take all reasonable measures (i) to ensure that no further or greater unauthorized disclosure or use of such information or materials is made and (ii) to retrieve the material from the person or persons not authorized to receive such material and inform that person of this Order. Each party shall cooperate in good faith in that effort.

12. Nothing shall prevent disclosure beyond the terms of this Order if the party designating the Confidential Material expressly consents to such disclosure in a particular instance, either in writing or on the record of any proceeding in this action, or if the Court, following notice to all parties, orders such disclosure.

13. On good cause shown, the Court may amend or modify any of the tenets of this Order so as to further the ends of justice or to resolve any problems which may arise stemming from or relating to this Order. The parties by stipulation may provide for exceptions to this Order. The existence of this Order shall not be used as a basis to compel the disclosure of information. Nor shall the existence of this Order be used as a basis to prevent another party from seeking greater protection than the protection provided by this Order.

14. Within six (6) months after receiving notice of the final disposition of this action and any related actions between Plaintiffs and Defendant, all parties and persons bound by this Order shall either (a) return all Confidential Material designated as "CONFIDENTIAL," including all copies thereof and information stored in computers and on computer disks and tapes, computer extracts, computer entries, notes, memoranda, and other papers containing information therefrom, upon written request by the Producing Party; or (b) certify that all Confidential Material designated as "CONFIDENTIAL" in their possession has been destroyed. However, outside counsel for the parties shall be entitled to retain their respective litigation files, including all court papers, deposition transcripts, trial transcripts, exhibits used in affidavits, exhibits used at depositions,

exhibits used at trial, and all attorney work product containing, quoting, discussing or analyzing Confidential Material designated as "CONFIDENTIAL." The Confidential Material designated as "CONFIDENTIAL" kept by counsel pursuant to this paragraph shall be maintained in accordance with the terms of this Order. "Final disposition of this action," as used above, means after all appeal periods have expired or after the execution of a settlement agreement among the parties and the filing of pleadings necessary to finally dispose of all claims in this action.

15. With regard to Confidential Material filed with the Court pursuant to the terms of this Order, such material shall be disposed of in conformance with the Court rules.

16. The terms of this Order do not preclude, limit, restrict, or otherwise apply to the use of documents at court proceedings. Subject to the Federal Rules of Evidence, Confidential Material may be offered into evidence at trial or any court hearing. Any party may move the Court for an order that the Confidential Material be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Material and, if so, what protection(s) may be afforded to such information at the trial or hearing.

17. With the exception of the limitations concerning the disclosure of Confidential Material set forth herein, this Order shall in no way inhibit or prevent the parties from conducting discovery in this case including but not limited to requesting information and discussing and disclosing the allegations and facts of this case with any entity or witness who may have information that will lead to the discovery of relevant information admissible at any deposition, hearing or the trial of this case.

18. This Order is not binding on Court personnel or jurors.

ORDERED this 16th day of January, 2019.

_____
The Honorable Kirtan Khalsa
United States Magistrate Judge